## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

AARON TURNER,                *

Plaintiff,                   *

v.                        *         Civil Action No. PJM-20-0155

KIMBERLY HAWKINS,       *

Defendant.              *

***

## MEMORANDUM OPINION

Plaintiff Aaron Turner, self-represented litigant, filed the above-captioned Complaint and paid the filing fee.  Plaintiff alleges that the Defendant physically assaulted him causing bodily injury and damage to personal property. ECF No. 1.  Plaintiff brings this action seeking monetary damages.

The Court must examine whether federal jurisdiction permits adjudication of these claims which consist of Plaintiff's allegations of assault and property damage by Defendant, the former spouse of Plaintiff.  ECF Nos. 1, 1-2, 1-8.  Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.,* 298 U.S. 178 (1936)).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).  Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d

359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States.   28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005).  This is federal question jurisdiction.  Further, under 28 U.S.C. § 1367(a), district courts are granted "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Section 1367 does not create an independent cause of action.  Rather, § 1367 allows a court to exercise supplemental jurisdiction over state law claims, but only where the Complaint also pleads related federal claims.

Plaintiff has not alleged any facts indicating that there are federal claims  against Defendant, a private individual. At most, he is alleging state law claims against the Defendant. These are not claims over which this court has jurisdiction. Plaintiff's allegations do not confer federal jurisdiction.

Plaintiff states he is entitled to relief under 18 U.S.C. § 113(a)(8).  ECF No. 1. Plaintiff is citing to a provision of the federal criminal code that allows the prosecution of crimes by the federal government. Individuals, such as Plaintiff, do not have prosecutorial authority to enforce criminal statutes. To the extent that Plaintiff intends to use a criminal statute to allege a violation of a constitutional right, he fails, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Williams v. Morgan*, 2017 WL 2439144, at *1 n.1 (D.Md.2017) quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) and citing *Otero v.*

*United States Attorney General*, 832 F.2d 141 (11ᵗʰ Cir. 1987).   Plaintiff's allegations, that Defendant committed a federal offense, do not provide grounds for relief.

Neither has Plaintiff established diversity jurisdiction.  The Complaint alleges that both Plaintiff and Defendant are citizens of Maryland.  When a party seeks to invoke diversity jurisdiction under § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.  *See Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998).  The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant.  *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  *See Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).  The complaint states that both Plaintiff and Defendant are citizens of the State of Maryland. ECF No. 1. This does not establish that this Court has diversity jurisdiction.

Without a jurisdictional basis for suit in federal court, Plaintiff's claims are factually and legally without merit.  Such lawsuits are subject to dismissal pursuant to the Court's inherent authority, even where, as here, Plaintiff has paid the filing fee.  *Smith v. Kagan*, 616 F.App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.*, 554 F.App'x 247, 248 (4th Cir. 2014) (subject matter jurisdiction over obviously frivolous complaint is subject to dismissal); *Ross v. Baron*, 493 F.App'x 405, 406 (4th Cir. 2012) (same).  The federal rules require dismissal anytime there is a determination there is no jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.

Accordingly, the Complaint will be dismissed by separate Order which follows.

Dated this 17th day of April, 2020

_____ /s/ _____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE